UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE RIGGS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS FINANCIAL SERVICES COMPANY, MFS INVESTMENT MANAGEMENT, SUN LIFE FINANCIAL, INC., MFS SERIES TRUST I, MFS SERIES TRUST II, MFS SERIES TRUST III, MFS SERIES TRUST IV, MFS SERIES TRUST V, MFS SERIES TRUST VI, MFS SERIES TRUST VII, MFS SERIES TRUST VIII, MFS SERIES TRUST IX, MFS SERIES TRUST X, MFS SERIES TRUST XI, MFS CAPITAL OPPORTUNITIES FUND, MFS CORE GROWTH FUND, MFS LARGE CAP GROWTH FUND, MFS MID CAP GROWTH FUND, MFS NEW DISCOVERY FUND, MFS ENDEAVOR FUND, MFS RESEARCH FUND, MFS STRATEGIC GROWTH FUND, MFS TECHNOLOGY FUND, MASSACHUSETTS INVESTORS GROWTH FUND, MFS MID CAP VALUE FUND, MFS RESEARCH GROWTH AND INCOME FUND, MFS TOTAL RETURN FUND, MFS UNION STANDARD EQUITY FUND, MFS UTILITIES FUND, MFS VALUE FUND, MASSACHUSETTS INVESTORS TRUST, MFS AGGRESSIVE GROWTH ALLOCATION FUND, MFS CONSERVATIVE ALLOCATION FUND, MFS MODERATE ALLOCATION FUND, MFS BOND FUND, MFS EMERGING MARKETS DEBT FUND, MFS GOVERNMENTAL LIMITED MATURITY FUND, MFS GOVERNMENT MORTGAGE FUND, MFS GOVERNMENT SECURITIES FUND, MFS HIGH INCOME FUND, MFS | Civil Action No. 1:03-CV-12500 (WGY) <br><br> THIS DOCUMENT RELATES TO: <br><br> 1:03-CV-12514 (WGY); <br> 1:03-CV-12536 (WGY); <br> 1:03-CV-12570 (WGY); <br> 1:03-CV-12622 (WGY) <br> 1:04-CV-10009 (RGS). <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE LEWIS LEAD PLAINTIFF GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFFS AND FOR APPROVAL OF LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL** |

00001677.WPD ; 1

HIGH YIELD OPPORTUNITIES FUND, MFS )
INTERMEDIATE INVESTMENT GRADE )
BOND FUND, MFS LIMITED MATURITY )
FUND, MFS RESEARCH BOND FUND, MFS )
STRATEGIC INCOME FUND, MFS )
ALABAMA MUNICIPAL BOND FUND, MFS )
ARKANSAS MUNICIPAL BOND FUND, )
MFS CALIFORNIA MUNICIPAL BOND )
FUND, MFS FLORIDA MUNICIPAL BOND )
FUND, MFS GEORGIA MUNICIPAL BOND )
FUND, MFS MARYLAND MUNICIPAL )
BIND FUND, MFS MASSACHUSETTS )
MUNICIPAL BOND FUND, MFS )
MISSISSIPPI MUNICIPAL BOND FUND, )
MFS MUNICIPAL BOND FUND, MFS )
MUNICIPAL LIMITED MATURITY BOND )
FUND, MFS NEW YORK MUNICIPAL )
BOND FUND, MFS NORTH CAROLINA )
MUNICIPAL BOND FUND, MFS )
PENNSYLVANIA MUNICIPAL BOND )
FUND, MFS SOUTH CAROLINA )
MUNICIPAL BOND FUND, MFS )
TENNESSEE MUNICIPAL BOND FUND, )
MFS VIRGINIA MUNICIPAL BOND FUND, )
MFS WEST VIRGINIA MUNICIPAL BOND )
FUND, MFS EMERGING MARKET EQUITY )
FUND, MFS GLOBAL EQUITY FUND, MFS )
GLOBAL GROWTH FUND, MFS GLOBAL )
TOTAL RETURN FUND, MFS )
INTERNATIONAL GROWTH FUND, MFS )
INTERNATIONAL NEW DISCOVERY )
FUND, MFS INTERNATIONAL VALUE )
FUND, MFS RESEARCH INTERNATIONAL )
FUND, and JOHN DOES 1-100, )
 )
      Defendants. )

00001677.WPD ; 1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED . . . . . . . . . . . . . . . . . . . . . 5

II.  THE LEWIS LEAD PLAINTIFF GROUP
     SHOULD BE APPOINTED LEAD PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     A.  The Lewis Lead Plaintiff Group Has Satisfied The Procedural
         Requirements Pursuant To The PSLRA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     B.  The Lewis Lead Plaintiff Group
         Constitutes The "Most Adequate Plaintiff" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

         1.  The Lewis Lead Plaintiff Group Has Made A Motion
             For Their Appointment As Lead Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

         2.  The Lewis Lead Plaintiff Group Has The Largest Financial Interest . . . . . . . . . 8

         3.  The Lewis Lead Plaintiff Group Otherwise Satisfies Rule 23 . . . . . . . . . . . . . . 9

             a.  The Lewis Lead Plaintiff Group
                 Fulfills The Typicality Requirement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

             b.  The Lewis Lead Plaintiff Group
                 Fulfills The Adequacy Requirement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III. THE COURT SHOULD APPROVE
     THE LEWIS LEAD PLAINTIFF GROUP'S CHOICE OF COUNSEL . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

De La Fuente v. Stokley-Van Camp, Inc.,
   713 F.2d 225 (7th Cir. 1983) .................................................. 11

Eisenberg v. Gagnon,
   766 F.2d 770 (3d Cir. 1985), cert denied, 474 U.S. 946
   (1985) ..................................................................... 10

Fischler v. Amsouth Bancorporation,
   1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) ............................ 10

Greebel v. FTP Software, Inc.,
   939 F. Supp. 57 (D. Mass. 1996) ............................................ 6, 7

Halperin v. Nichols, Safina, Lerner & Co.,
   No. 94 C 6960, 1996 U.S. Dist. LEXIS 16111 (N.D. Ill. October 28, 1996) ........ 11

In re Donnkenny, Inc. Securities Litig.,
   171 F.R.D. 156 (S.D.N.Y. 1997) ................................................. 7

In re Drexel Burnham Lambert Group, Inc.,
   960 F.2d 285 (2d Cir. 1992) ................................................... 10

In re Milestone Scientific Securities Litig.,
   183 F.R.D. 404 (D.N.J 1998) ................................................... 12

In re Nice Systems Securities Litig.,
   188 F.R.D. 206 (D.N.J 1999) .................................................... 6

Johnson v. Celotex Corp.,
   899 F.2d 1281 (2d Cir.), cert. denied, 498 U.S. 920 (1990) ...................... 5

Lax v. First Merchants Acceptance Corp.,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ....................... passim

**Statutes, Rules & Regulations**

Fed. R. Civ. P. 23 .................................................... passim

Fed. R. Civ. P. 42 ......................................................... 5

15 U.S.C. § 77z-1, et seq .............................................. passim

15 U.S.C. § 78u-4, et seq. ............................................. passim

## PRELIMINARY STATEMENT

The above-captioned actions (collectively, the "Related Actions")[1] are class action lawsuits that have been brought against Massachusetts Financial Services Company, MFS Investment Management, Sun Life Financial, Inc. (collectively, "MFS" or the "Company"), certain officers and/or directors of the Company, and various Mutual Funds the Company manages (the "MFS Mutual Funds"),[2] alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, the Investment Company Act, and the Investment Advisers Act.

The Lewis Family Trust, Kevin Quinn, Sandra Coderre, Anthony Yonkers and Justin Cohen (the "Lewis Lead Plaintiff Group" or "Movants") are investors of MFS Mutual Funds[3] between December 15, 1998, and December 8, 2003, inclusive (the "Class Period") who, in response to notice of the pending lawsuits, retained the law firm of Schiffrin & Barroway, LLP to represent their interests – have combined investments in MFS Mutual Funds totaling

---

[1] In addition, there are at least two other similar securities class action lawsuits filed in the Southern District of New York.

[2] A complete list of the MFS Mutual Funds named as defendants is attached hereto as Exhibit A to the Declaration of David Pastor In Support Of The Motion Of The Lewis Lead Plaintiff Group To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Lead Counsel and Liaison Counsel (the "Pastor Decl.").

[3] The Lewis Lead Plaintiff Group invested in the following MFS Mutual Funds: MFS Massachusetts Investors Trust, MFS Total Return Fund, MFS Georgia Municipal Bond Fund, MFS Bond Fund and MFS Research International Fund.

approximately $896,737.[4]

As demonstrated herein, the Lewis Lead Plaintiff Group is suitable and adequate to represent the Class of investors in MFS Mutual Funds. Movant's investments represent the largest known "financial interest" of any Class member(s) seeking to be appointed as lead plaintiff.[5] See Pastor Decl. at Exhibit B.[6] Movants are not aware of any other Class member or group of Class members that has filed an action or an application for appointment as lead plaintiff with as large an investment in the relevant MFS Mutual Funds. Moreover, the Movants satisfy each of the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore, are qualified for appointment as lead plaintiffs in this action. Thus, as demonstrated

---

[4] In addition to the MFS Mutual Funds invested in by the Lewis Lead Plaintiff Group, Schiffrin & Barroway, LLP has been retained by investors in the following additional MFS Mutual Funds to pursue this action on their behalf: MFS Capital Opportunities Fund, MFS Emerging Growth Fund, MFS Mid-Cap Growth Fund, MFS New Discovery Fund, MFS Research Fund, MFS Strategic Growth Fund, MFS Massachusetts Investors Growth Stock Fund, MFS Strategic Value Fund, MFS Utilities Fund, MFS Value Fund, MFS Government Limited Maturity Fund, MFS Government Securities Fund, MFS High Income Fund, MFS Strategic Income Fund, and MFS Municipal Bond Fund.

[5] Absent an approved formula for measuring financial losses at this time, the Lewis Lead Plaintiff Group submits their certifications (pursuant to Section 27 of the Securities Act, 15 U.S.C. §77z-1(a)(2)(A) and Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A)) which reflect the value of their investments in the various MFS Mutual Funds. Regardless of the formula eventually approved for assessing financial losses in these actions, the total investment value purchased and/or held by Class members during the relevant Class Period will be essential in determining "financial interest." Should the Court require more information at a later date regarding Movants' transactions, they expressly reserve the right to supplement this filing. One's investment totals, however, should not be confused with one's legally compensable damages, measurement of which is a complex legal question and which has not been determined at this stage of the litigation.

[6] The Lewis Lead Plaintiff Group's sworn certifications documenting their investments pursuant to the federal securities laws is attached as Exhibit B to the Pastor Decl.

herein, Movants are presumptively the most adequate plaintiffs and should be appointed lead plaintiffs.

Movants respectfully submit this memorandum of law in support of their motion, pursuant to Section 27 of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B) and Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Lewis Lead Plaintiff Group to serve as lead plaintiffs pursuant to Section 27 of the Securities Act and Section 21D of the Exchange Act; (3) approving Movants' selection of Schiffrin & Barroway, LLP as lead counsel for the Class; and (4) approving Movants' selection of Gilman and Pastor, LLP as liaison counsel for the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced in this jurisdiction on or about December 11, 2003.[2] Pursuant to 15 U.S.C. §78z-1(a)(3)(A)(i) and 15 U.S.C. §78u-4(a)(3)(A)(i), on December 11, 2003, the first notice that a class action had been initiated against defendants was published over *PR Newswire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of the pendency of the action as well as their right to move the Court to serve as lead plaintiff no later than February 9, 2004. See Pastor Decl. at Exhibit D.

Movants are class members (see Pastor Decl. at Exhibit B) and are timely filing this motion within the 60-day period following publication of the December 11, 2003 notice pursuant

---

[2] Upon all information and belief, the first-filed lawsuit against defendants, *Riggs v. Massachusetts Financial Services Company, Inc., et al.*, Case No. 1:03-CV-12500 (WGY) (D. Mass.), was filed on or about December 11, 2003.

to Sections 27 and 21D of the PSLRA.

## STATEMENT OF FACTS[8]

Massachusetts Financial Services Company is a registered investment adviser with its principal place of business located in Boston, Massachusetts. Massachusetts Financial Services Company manages the MFS Family of Mutual Funds.

Throughout the Class Period, defendants agreed to allow favored investors to engage in "timing" of the MFS Mutual Funds. "Timing" is an investment technique involving short-term "in-and-out" trading of mutual fund shares designed to exploit the inefficiencies in the way mutual fund companies set their net asset values ("NAVs"), contrary to the traditional buy-and-hold investment theory of mutual funds. Additionally, the MFS Mutual Funds' prospectuses stated that the funds monitor for "timing" and work to prevent it.

Aside from dilution, "timers" also harm their target funds by imposing their transaction costs on the long-term investors. Trades necessitated by "timer" redemptions may also lead to the realization of taxable capital gains at an undesirable time or may result in managers having to sell stock, therefore reducing the overall performance of the fund by requiring the fund manager to keep a certain amount of the funds' assets in cash at all times. As a result, investors are deprived of the ability to be fully invested in a rising market.

MFS, as manager of the MFS Mutual Funds, and each of the relevant fund managers, profited from fees MFS charged to the MFS Mutual Funds. These fees are measured as a percentage of the assets under management. The MFS Mutual Fund managers accepted the

---

[8] These facts were derived from the allegations contained in the class action styled as *Riggs v. Massachusetts Financial Services Company, Inc., et al.*, Case No. 1:03-CV-12500 (WGY) (D. Mass.).

offers by favored investors for more assets in exchange for the right to "time," also known as "sticky assets." Furthermore, the MFS Mutual Funds' prospectuses did not disclose the approved market "timing" activity.

By allowing favored investors to dilute the value of the MFS Mutual Funds, defendants essentially allowed Canary and other favored investors to take a cut of the profits from the class members.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of Class members who purchased, redeemed or held MFS Mutual Fund shares during the Class Period.[2] Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers or redeemers of the MFS Mutual Fund shares (of the funds enumerated in Exhibit A) who purchased in reliance of the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here. Therefore, these Related Actions should be consolidated.

---

[2] Indeed, as may be further developed during the course of litigation, holders of MFS Mutual Funds during the relevant time period may have also been harmed under other theories of liability. Movants are investors who purchased shares of MFS Mutual Funds.

## II. THE LEWIS LEAD PLAINTIFF GROUP SHOULD BE APPOINTED LEAD PLAINTIFFS

### A. The Lewis Lead Plaintiff Group Has Satisfied The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C. §77z-1(a)(3)(B); 15 U.S.C. §78u-4(a)(3)(B).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i); 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice over the *PR Newswire* on December 11, 2003. See Pastor Decl. at Exhibit C.[10]

Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff(s), whether or not they have previously filed a complaint in this action. 15 U.S.C. §77z-1(a)(3)(a) and (B); 15 U.S.C. §78u-4(a)(3)(A) and (B). This notice indicated that applications for appointment as lead plaintiff were to be made no later than February 9, 2004. Movants, having filed their motion by this deadline are therefore timely.

---

[10] *PR Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See generally In re Nice Systems Sec. Litig., 188 F.R.D. 206, 215 (D.N.J. 1999); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

### B. The Lewis Lead Plaintiff Group Constitutes The "Most Adequate Plaintiff"

According to the PSLRA, the Court shall consider any motion made by a Class member and shall appoint as lead plaintiff(s) the member or group of members of the Class that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. §77z-1(a)(3)(B)(i); 15 U.S.C. §78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii). See generally Greebel, 939 F. Supp. at 64; Lax, 1997 U.S. Dist. LEXIS 11866, at *7.

In applying this presumption, Movants are demonstrably the most adequate plaintiffs. Movants have timely filed their motion to be appointed lead plaintiffs along with their certifications attesting to their investments in MFS Mutual Fund shares during the Class Period. See Pastor Decl. at Exhibit B. In addition, Movants, with investments totaling approximately $896,737 as a result of their purchasing shares of MFS Mutual Funds during the Class Period, have the largest known financial interest in the relief sought by this action among Class members

filing motions for appointment as lead plaintiff. See Pastor Decl. at Exhibit C. Indeed, Movants' Class Period investments are believed to represent the largest financial interest in this action. Moreover, Movants have selected and retained competent and experienced counsel to represent themselves and the Class. See Pastor Decl. at Exhibit E and F.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. §77z-1 (a)(3)(B) and 15 U.S.C. §78u-4(a)(3)(B) and respectfully submit that the Court should appoint the Lewis Lead Plaintiff Group as lead plaintiffs, approve their selection of Schiffrin & Barroway, LLP as lead counsel for the Class, and approve their selection of Gilman and Pastor, LLP as liaison counsel for the Class.

### 1. The Lewis Lead Plaintiff Group Has Made A Motion For Their Appointment As Lead Plaintiffs

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movants timely move this Court for the appointment of the Lewis Lead Plaintiff Group as lead plaintiffs on behalf of all plaintiffs and Class members covered by the Related Actions and any other actions deemed related by this Court.

### 2. The Lewis Lead Plaintiff Group Has The Largest Financial Interest

According to 15 U.S.C. §77z-1(a)(3)(B)(iii) and 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the Class member who represents the largest financial interest in the relief sought by the action.

In traditional securities class actions brought pursuant to the PSLRA, the "financial interest" of a lead plaintiff movant is typically measured by the difference between the class-period purchase price and sale price of the securities after corrective disclosure of defendants'

materially false and misleading statements. Shares held at the close of a class period are typically valued at the mean trading price for the security during the 90-day period following the corrective disclosure.

Undoubtedly, there will be a great deal of debate as to how precise damages should be calculated in these cases and it is a debate that will most likely not be answered completely at this stage of the litigation. For this reason, Movants present this Court with their approximate total investment value in MFS Mutual Funds as well as the number of defendant funds in which Movants invested for purposes of assessing their "financial interest."

Movant's total investments in the MFS Mutual Funds are valued at approximately $896,737. In addition, Schiffrin & Barroway, LLP has been retained by investors who invested in 21 of the 61 defendant MFS Mutual Funds during the relevant Class Period. Accordingly, upon information and belief, Movants have the largest financial investments in the defendant MFS Mutual Funds of any other Movant or Movant group. As such, for purposes of this motion, Movants have the largest known financial interest in the relief sought by the Class and accordingly, are presumed to be the "most adequate plaintiff."

### 3. The Lewis Lead Plaintiff Group Otherwise Satisfies Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B) and 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there

are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866, at *20. As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs.

### a. The Lewis Lead Plaintiff Group Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985). However, the claims of the class representatives need not be identical to the claims of the class to satisfy typicality. Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted); see also Halperin v. Nichols, Safina, Lerner & Co., 1996 U.S. Dist. LEXIS 16111, at *13-14 (N.D. Ill. 1996).

Movants seek to represent a class of purchasers, redeemers or holders of MFS Mutual Fund shares which have identical, non-competing and non-conflicting interests. Movants satisfy the typicality requirement because, just like all other class members, they: (1) purchased MFS Mutual Fund shares during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, Movants' claims are typical of those of other Class members since their claims and the claims of other Class members arise out of the same course of events.

### b. The Lewis Lead Plaintiff Group Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of lead plaintiff movants to: (1) whether there are any conflicts between the interests of the lead plaintiff movants and the members of the Class; (2) whether the lead plaintiff movants are adequate representatives of the Class; (3) whether the interests of the lead plaintiff movants are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. As detailed above, Movants share common questions of law and fact with the members of the Class and their claims are typical of the claims of other class members. Further, Movants already have taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed certifications

detailing their Class Period investments and expressing their willingness to serve as lead plaintiffs; they have moved this Court to be appointed as lead plaintiffs in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866, at *21-25. Furthermore, Movants have the largest known financial interest so that their "financial stake in the litigation provides an adequate incentive for the [Movants] to vigorously prosecute the action." In re Milestone Scientific, 183 F.R.D. at 416. Thus, Movants, in addition to having the largest financial interest, also prima facie satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Fed. R. Civ. P. and therefore, satisfy all elements of the Securities Act and Exchange Act's prerequisites for appointment as lead plaintiffs in this action pursuant to 15 U.S.C. §77z-1 (a)(3)(B)(iii) and 15 U.S.C. §78u-4(a)(3)(B)(iii), respectively.

### III.  THE COURT SHOULD APPROVE THE LEWIS LEAD PLAINTIFF GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v) and 15 U.S.C §78u-4(a)(3)(B)(v), lead plaintiffs shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movants have selected and retained Schiffrin & Barroway, LLP to serve as lead counsel for the Class and Gilman and Pastor, LLP to serve as liaison counsel for the Class. These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. See Pastor Decl. at Exhibits E and F.

Because there is nothing to suggest that Movants or their counsel will not fairly and adequately represent the Class, or that Movants are subject to unique defenses – which is the only

evidence that can rebut the presumption of adequacy under the Securities Act and the Exchange Act – this Court should appoint the Lewis Lead Plaintiff Group as lead plaintiff and approve their selection of Schiffrin & Barroway, LLP as lead counsel for the Class and Gilman and Pastor, LLP as liaison counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Lewis Lead Plaintiff Group as lead plaintiffs; (c) approve Movants' selection of Schiffrin & Barroway, LLP as lead counsel; and (d) approve Movants' selection of Gilman and Pastor, LLP as liaison counsel for the Class.

Dated: February 9, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By: _/s/ David Pastor_
David Pastor (BBO # 391000)
Peter A. Lagorio (BBO # 567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone:   (781) 231-7850
Facsimile:   (781) 231-7840

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Darren J. Check
Sean M. Handler
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone:    (610) 667-7706
Facsimile:    (610) 667-7056

**Proposed Lead Counsel**